Tapsoba v. Sessions

BIA
Nelson, IJ
A087 633 004

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of April, two thousand seventeen.

PRESENT:
    PIERRE N. LEVAL,
    REENA RAGGI,
    RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*

_____

OUSMANE TAPSOBA,
        *Petitioner,*

v.                                          15-529
                                            NAC
JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,*
        *Respondent.*

_____

FOR PETITIONER:         Gary J. Yerman, Esq., New York, New York.

FOR RESPONDENT:         Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Terri J.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Jefferson B. Sessions III is substituted for Loretta E. Lynch as Respondent.

Scadron, Assistant Director; Wendy Benner-León, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ousmane Tapsoba, a native and citizen of Burkina Faso, seeks review of a January 30, 2015 decision of the BIA affirming an Immigration Judge's ("IJ's") May 1, 2013 denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Ousmane Tapsoba,* No. A087 633 004 (B.I.A. Jan. 30, 2015), *aff'g* No. A087 633 004 (Immig. Ct. N.Y.C. May 1, 2013).

Where, as here, the BIA does not expressly "adopt" the IJ's decision, but closely tracks its reasoning, we review both the BIA's and IJ's decisions "for the sake of completeness," *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006), applying well-established standards of review, *see* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165–66 (2d Cir. 2008). In doing so, we assume the parties' familiarity with the underlying facts and procedural history of this case.

## I. One-Year Jurisdictional Bar

Under 8 U.S.C. § 1158(a)(3), we lack jurisdiction to review the agency's factual findings regarding the timeliness of an asylum application, *see id.* § 1158(a)(2)(B), but retain jurisdiction to review constitutional claims or questions of law, *see id.* § 1252(a)(2)(D); *Weinong Lin v. Holder*, 763 F.3d 244, 246-47 (2d Cir. 2014). Tapsoba argues legal error in the agency's determination that "extraordinary circumstances" were not presented by his belief that a third party to whom he had provided identification documents, but whom he did not contact for more than one year thereafter, would file his application for him. We identify no legal error in the agency's conclusion that any such reliance was not reasonable. *See* 8 C.F.R. § 1208.4(a)(5) (describing "extraordinary circumstances" to include serious illness, legal disability, or documented ineffective assistance of counsel "directly related" to untimeliness). We therefore lack jurisdiction to review Tapsoba's asylum claim.

## II. Withholding of Removal and CAT

While we nonetheless possess jurisdiction to review Tapsoba's withholding of removal and CAT claims, *see Liu v. I.N.S.*, 508 F.3d 716, 722 (2d Cir. 2007), we identify no error in the agency's conclusion that Tapsoba failed to meet his

burden of proof on these claims. "While consistent, detailed, and credible testimony may be sufficient to carry the alien's burden, evidence corroborating his story, or an explanation for its absence, may be required where it would reasonably be expected." *Diallo v. INS*, 232 F.3d 279, 285 (2d Cir. 2000). "Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." *See Chuilu Liu v. Holder*, 575 F.3d 193, 197 (2d Cir. 2009); 8 U.S.C. §§ 1158(b)(1)(B), 1129a(c)(4)(B), 1231(b)(3)(C). In denying relief for lack of corroboration, an IJ should identify specific pieces of missing documentation, explain why the documentation was reasonably available, provide the alien with an opportunity to explain the omission, and assess an explanation that is given. *See Chuilu Liu v. Holder*, 575 F.3d at 198. "No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4).

4

Even assuming that Tapsoba testified credibly, the IJ reasonably concluded that he failed adequately to corroborate his claims. Tapsoba testified that he was arrested twice for his political activities as the spokesman of his local merchant association, detained for several days or weeks at a time, and sustained injuries from which he continues to suffer. Letters from his mother and brother, however, mention neither his alleged arrests nor his alleged injuries. When asked about this discrepancy, Tapsoba could not provide an explanation. Nor did he provide any medical documentation of his injuries or evidence of his role as a merchant-association spokesperson. In sum, Tapsoba submitted no evidence to corroborate his central claims of past persecution in Burkina Faso or the political activities that allegedly made him a target for persecution.

The IJ specifically identified the types of documents that could have corroborated Tapsoba's testimony and questioned him about the absence of such documentation. Given Tapsoba's failure to explain why he did not obtain that evidence, we cannot conclude that the record compels a conclusion that the evidence was unavailable. *See* 8 U.S.C. § 1252(b)(4).

Because this corroboration determination is dispositive, we need not reach the agency's alternative rulings, *see INS v. Bagamasbad*, 429 U.S. 24, 25 (1976), to conclude that the

5

agency's denial of withholding of removal and CAT relief was not in error, *see Chuilu Liu*, 575 F.3d at 198-99; *see also Paul v. Gonzales*, 444 F.3d 148, 155-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED and the pending motion for a stay of removal is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court